UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **KIMBERLY ADAMS AND JESSE ADAMS**, on behalf of themselves and all others similarly situated, | : : : : | Case No.: 1:14-cv-656 |
| Plaintiffs, | : : | Judge: |
| v. | : : | CLASS ACTION COMPLAINT |
| **EAGLE FINANCIAL SERVICES, INC., D/B/A EAGLE LOAN COMPANY OF OHIO, INC.** | : : : : | JURY TRIAL DEMANDED |
| **c/o John Farrell**<br>    **5413 Dixie Highway**<br>    **Fairfield, OH 45014** | : : : : | |
| Defendant. | : | |

Plaintiffs Kimberly and Jesse Adams bring this action individually and on behalf of all others similarly situated against Eagle Financial Services, Inc., d/b/a Eagle Loan Company of Ohio, Inc. ("Eagle Loan" or "Defendant") for routinely making loans that violate the Ohio Mortgage Loan Act (Ohio Revised Code § 1321.51 *et seq*.). Because Defendant regularly charges and collects interest in excess of the rate permitted by Ohio law when making these loans, Defendant's loans violate the Ohio Mortgage Loan Act.

Plaintiffs make the following allegations upon information and belief, except as to allegations specifically pertaining to themselves, which are based on personal knowledge. Each allegation in this Complaint either has evidentiary support or, alternatively, pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## NATURE OF THE ACTION

1.      Plaintiffs bring this putative class action on behalf of themselves and all persons who entered into a loan transaction with Eagle Loan at an Ohio store location during the largest period allowed by law ("Relevant Time Period").

## PARTIES

2.       Plaintiffs Kimberly and Jesse Adams are Ohio citizens residing in Clermont County.

3.      Defendant Eagle Financial Services, Inc., d/b/a Eagle Loan Company of Ohio, Inc., is a Kentucky Corporation with its principal place of business in Kentucky.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and most members of the proposed class are citizens of states different from the state of the Defendant.

5.      The Court has personal jurisdiction over Eagle Loan because Eagle Loan conducts significant, continuous, regular, and systematic business in this District.

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Eagle Loan transacts significant business throughout this District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.  Venue is also proper under 28 U.S.C. § 1391(c) because Eagle Loan is subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

7.      On July 19, 2012, Kimberly Adams obtained a loan from Defendant for $2,181.95.  Although Eagle Loan claimed to be making the loan pursuant to the Ohio Mortgage Loan Act, Eagle Loan's standard Ohio loan contract provided that the interest rate for Ms. Adams' loan was 25%.  A copy of the loan contract from Ms. Adams' transaction is attached as Exhibit A.

8.      On March 12, 2012, Jesse Adams obtained a loan from Defendant for $2,551.66.  Although Eagle Loan claimed to be making the loan pursuant to the Ohio Mortgage Loan Act, Eagle Loan's standard Ohio loan contract provided that the interest rate for Mr. Adams' loan was 25%.  A copy of the loan contract from Mr. Adams' transaction is attached as Exhibit B.

9.      Both of the loans made by Eagle Loan to the Plaintiffs pursuant to its standard Ohio loan contract contain terms that violate Ohio's Mortgage Loan Act, including that the loan exceeded the maximum interest rate (21%) available under Ohio Revised Code § 1321.57(A). Both Plaintiffs made payments to Eagle Loan at the 25% interest rate in Eagle Loan's standard Ohio loan contract.

10.      Eagle Loan's violation of Ohio Revised Code § 1321.57 was and is willful because Eagle Loan knowingly and intentionally drafted its standard Ohio loan contract to contain a 25% interest rate.

11.      Pursuant to Ohio Revised Code § 1321.56, "Any person who willfully violates section 1321.57 of the Revised Code shall forfeit to the borrower the amount of interest paid by the borrower."

12.      In the alternative, should this Court find that Eagle Loan's violation of Ohio Revised Code §1321.57 was not willful, Ohio Revised Code § 1321.56 provides that "the

maximum rate of interest applicable to any loan transaction that does not comply with section 1321.57 of the Revised Code shall be the rate that would be applicable in the absence of sections 1321.51 to 1321.60 of the Revised Code."

13.    Therefore, should this Court find that Eagle Loan's violation of Ohio Revised Code §1321.57 was not willful, Eagle Loan was limited to the default 8% interest rate permitted by Ohio's general usury law, Ohio Revised Code §1343.01.

14.    Upon information and belief, Eagle Loan has made, and continues to make, similar if not identical loans to thousands of Ohio consumers.  For all of the reasons stated above, each of Eagle Loan's loan transactions that violate Ohio Revised Code § 1321.57 are criminal acts pursuant to Ohio Revised Code § 1321.99(D), rendering Eagle Loan's standard Ohio contract illegal under Ohio law.

## CLASS ACTION ALLEGATIONS

15.    Plaintiffs seek to represent a class defined as all persons who, during the Relevant Time Period, entered into a loan transaction with Eagle Loan at an Ohio store location that included an interest rate of 25% (the "Class").[1]  Excluded from the Class are (1) Eagle Loan, any entity in which Eagle Loan has a controlling interest, and its legal representatives, officers, directors, employees, assigns, and successors; (2) the Judge to whom this case is assigned and any member of the Judge's staff or immediate family; and (3) Class Counsel.

16.    Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the thousands.  The precise number of Class members and their identities are unknown to Plaintiffs at this time but will be determined through discovery.  Class members may be notified of the pendency of this action by mail, email, and/or publication through the business records maintained by Eagle Loan.

---

[1] Plaintiffs reserve the right to amend the Class definition as appropriate.

17.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual members.  These common legal and factual questions include, but are not limited to:

a.    whether Plaintiffs and the Class are entitled to a Declaratory Judgment that Eagle Loan is violating Ohio Revised Code §§ 1321.56 and 1321.57 by making and collecting upon loans that include an interest rate of 25%;

b.    whether Eagle Loan willfully violated and continues to willfully violate Ohio Revised Code § 1321.57; and

c.    whether Eagle Loan violated and continues to violate Ohio Revised Code § 1343.01 by making loans with an interest rate greater than 8%.

18.     Plaintiffs' claims are typical of the claims of Class members and do not conflict with the interests of any other member of the Class in that they and the other members of the Class were subject to the same unlawful conduct.

19.     Plaintiffs will fairly and adequately represent the interests of the Class.  They are committed to the vigorous prosecution of the Class' claims and have retained attorneys who are qualified to pursue this litigation and have experience in class actions – in particular, consumer protection actions.

20.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and Class members.  A class action regarding the issues in this case does not create any problems of manageability.  Each individual Class member generally lacks the resources to undergo the burden and expense of individual prosecution.  Also, individualized litigation increases the delay and expense to all parties, multiplies the burden on the judicial system, and presents a potential for inconsistent or contradictory judgments.  In

contrast, the class action device streamlines this process and presents the only mechanism for the vindication of each Class member's rights.  Absent a class action, Eagle Loan would be effectively immune from being held accountable for its deceptive practices described above.

21.     Further, Eagle Loan has acted or refused to act on grounds that apply generally to the Class so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

## COUNT I

### Declaratory Relief under the Declaratory Judgment Act
### (28 U.S.C. § 2201, *et seq.*)

22.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

23.     Plaintiffs bring this claim for relief on behalf of themselves and the members of the Class.  An actual controversy has arisen and now exists between Plaintiffs and the members of the Class, on the one hand, and Eagle Loan, on the other hand, concerning their respective rights and duties in that Plaintiffs and the members of the Class contend that Eagle Loan is not permitted to make loans pursuant to Ohio Revised Code §§ 1321.56 and 1321.57 that include an interest rate greater than 21%, while Eagle Loan contends that its actions and conduct are lawful and proper.

24.     A judicial declaration is necessary and appropriate at this time, under the circumstances presented, in order that Plaintiffs, the members of the Class, and Eagle Loan may ascertain their respective rights and duties with respect to Eagle Loan's obligations under Ohio law.

## COUNT II

### Violation of the Ohio Mortgage Loan Act (Ohio Revised Code § 1321.57)

25.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

26.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class.

27.     Eagle Loan willfully made loans purportedly pursuant to the Ohio Mortgage Loan Act that violated Ohio Revised Code § 1321.57 because the loans contained an interest rate higher than that permitted by Ohio Revised Code § 1321.57(A).

28.     Eagle Loan's violation of Ohio Revised Code § 1321.57 is and was willful because Eagle Loan knowingly and intentionally drafted its standard contract to contain a 25% interest rate.

29.     Pursuant to Ohio Revised Code § 1321.56, "Any person who willfully violates section 1321.57 of the Revised Code shall forfeit to the borrower the amount of interest paid by the borrower."

30.     Because Eagle Loan willfully made loans to Plaintiffs and the Class that did not comply with Ohio Revised Code § 1321.57, Eagle Loan must forfeit all interest it has been paid by Plaintiffs and the Class.

### COUNT III

### Violation of the Ohio General Usury Act (Ohio Revised Code § 1343.01)

31.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

32.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class.

33.   The loans Eagle Loan made to Plaintiffs and the Class do not comply with Ohio Revised Code § 1321.57 because the loans contain an interest rate of 25% and Ohio Revised Code § 1321.57(A) permits a maximum interest rate of only 21%.

34.   Because the loans Eagle Loan made to Plaintiffs and the Class do not comply with Ohio Revised Code § 1321.57, Ohio Revised Code § 1321.56 provides that "the maximum rate of interest applicable to any loan transaction that does not comply with section 1321.57 of the Revised Code shall be the rate that would be applicable in the absence of sections 1321.51 to 1321.60 of the Revised Code."

35.   In the absence of sections 1321.51 to 1321.60 of the Ohio Revised Code, Eagle Loan was limited to an interest rate of eight percent per annum pursuant to Ohio Revised Code § 1343.01(A).

36.   By charging Plaintiffs and the Class an interest rate greater than eight percent per annum, Eagle Loan is in violation of Ohio Revised Code § 1343.01(A).

37.   Therefore, Plaintiffs and the Class have been damaged and are entitled to relief, including reasonable attorney fees, court costs, and punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of the members of the proposed Class, pray: (a) for an order certifying the proposed Class and appointing Plaintiffs and their undersigned counsel of record to represent the proposed Class; (b) for a judgment declaring the acts and practices complained of herein to constitute a violation of the Ohio Mortgage Loan Act and the Ohio General Usury Act; (c) for an award of actual damages for Plaintiffs and members of the Class; (d) for costs of suit herein; (e) for both pre- and post-judgment interest on

8

any amounts awarded; (f) for payment of reasonable attorneys' fees; (g) for punitive damages; and (h) for such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for all issues so triable.

Respectfully submitted,

*/s/Christian A. Jenkins*
Christian A. Jenkins (0070674)
Niroshan A. Wijesooriya (0079780)
Minnillo & Jenkins, Co. LPA
2712 Observatory Avenue
Cincinnati, OH 45202
Telephone: (513) 723-1600
Facsimile: (513) 345-1620
cjenkins@minnillojenkins.com
niro@minnillojenkins.com

Jeffrey S. Goldenberg (0063771)
Todd B. Naylor (0068388)
Robert B. Sherwood (0084363)
Goldenberg Schneider, LPA
One West Fourth Street, 18th Floor
Cincinnati OH  45202-2012
Telephone:  (513) 345-8291
Facsimile:  (513) 345-8294
jgoldenberg@gs-legal.com
tnaylor@gs-legal.com
rsherwood@gs-legal.com

Attorneys for Plaintiffs