UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **KIMBERLY ADAMS AND JESSE ADAMS**, on behalf of themselves and all other similarly situated, : : : | CASE NO. 1:14-cv-656-SSB-SKB |
| Plaintiffs, : : | Judge Sandra S. Beckwith |
| vs. : : | |
| **EAGLE FINANCIAL SERVICES, INC. D/B/A EAGLE LOAN COMPANY OF OHIO, INC.** : : : | |
| Defendant. : | |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the Plaintiffs Kimberly Adams and Jesse Adams (collectively, "Plaintiffs") and Defendant Eagle Financial Services, Inc. d/b/a Eagle Loan Company of Ohio, Inc. ("Eagle Loan") have entered into a Settlement Agreement intended to resolve the litigation pending in this Court; and

WHEREAS, the Settlement Agreement, together with supporting materials, set forth the terms and conditions for a proposed settlement and dismissal with prejudice of this action; and

WHEREAS, the Court previously reviewed and granted Plaintiffs' Motion for Preliminary Approval of Settlement and was satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendant and that the terms of the Settlement, including the issuance of notice to the Class, were fair, reasonable, adequate, and in the best interests of the Class; and

WHEREAS, the Court conducted a fairness hearing on November 23, 2015, at 11:00 a.m. during which Class Counsel presented additional information about the implementation of the settlement and addressed all of the objections to the settlement previously filed with the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED this 18th day of December, 2015, as follows:

1. The Court has jurisdiction over the subject matter of this Action and may grant final approval of the Settlement Agreement, including all Exhibits to the Settlement Agreement. 28 U.S.C. § 1332. The Court also has personal jurisdiction over the Plaintiffs-Class Representatives, Defendant, and Class Members.

2. This Order Granting Final Approval of Class Action Settlement ("Order") incorporates by reference the definitions in the Settlement Agreement filed in this action at ECF No. 20-1, and all capitalized terms used herein that also appear in the Settlement Agreement shall have the meanings set forth in the Settlement Agreement.

3. The Court grants final approval to the Settlement, as set forth in the Settlement Agreement, as it is fair, reasonable, and adequate, consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution (including the Due Process Clause), and the Rules of the Court, and is in the best interests of each of the Parties and the Class Members.

4. The Class approved by this Court, and for which final approval is given, is as follows:

> All persons who, from August 18, 2008 to August 31, 2015 (including current funded loans), entered into an Ohio Mortgage Loan Act loan transaction with Defendant at an Ohio store location at an interest rate in excess of 21% as defined by Ohio Revised Code §1321.51(E).

2

Excluded from the Settlement Class are Defendant, any directors, officers or employees of Defendant and the Judge(s) to whom this case is assigned or any other judicial officer having responsibility for this case.

5. The Class satisfies all of the requirements of Federal Rule of Civil Procedure 23(a) (including the requirements of numerosity, commonality, typicality and adequacy) and the requirements of Rule 23(b)(3).

6. As evidenced by the Affidavit of Jeffrey D. Dahl (hereinafter "Dahl Affidavit"), a principal of the Settlement Administrator, the Notice and other elements of the Notice Program were directed to the Class in accordance with the Court's August 31, 2015 preliminary approval order [ECF No. 21] and the Settlement Agreement, and (1) constituted the best practicable notice under the circumstances; (2) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, the terms of the proposed Settlement Agreement, the available relief, the release of claims, their right to object or exclude themselves from the proposed Settlement, and their right to appear at the Fairness Hearing; (3) were reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) met all applicable requirements of the United States Constitution (including the Due Process Clause), the Class Action Fairness Act, the Federal Rules of Civil Procedure and the Rules of the Court.

7. The Class Members, also referred to in this Order as "Settling Class Members," include the members of the Class who did not validly and timely exclude themselves from the Settlement.

8. This Order uses the term "Excluded Class Members" to refer to the members of the Class who validly and timely excluded themselves from the Settlement.

9. Each and every Settling Class Member is and shall be conclusively and forever bound by the Settlement Agreement. The Settlement Agreement shall be preclusive in all pending and future lawsuits or other proceedings. It shall be binding as to all the Released Claims.

10. The Court directs the Parties and their counsel to further implement and consummate this Settlement Agreement, the terms and provisions of which are incorporated by reference into this Order. No later than ten business days after the Effective Date, *i.e.*, when Finality is achieved, Eagle Loan shall pay the Net Settlement Payment by wire transfer to the Qualified Settlement Account. Thereafter, Class Representatives and Class Counsel shall make those payments authorized by the Court and the Settlement Agreement. Eagle Loan's payment of the Net Settlement Payment shall constitute full and final satisfaction of any and all claims of the Settling Class Members to the Settlement Fund; and the Releasees shall have no further responsibility for, and no liability whatsoever with respect to, the calculation of the amount to which each Settling Class Member may be entitled, the allocation of the Settlement Fund(s), and/or the disbursement or delivery of Settlement Funds to any Settling Class Member, or to any other person or entity who may assert any claim to Settlement Funds. The Court approves the parties' agreed cy pres recipient, the Cincinnati Freestore Foodbank, for receipt of unclaimed settlement funds in accordance with the Settlement Agreement.

11. The Release and Covenant Not to Sue are incorporated into this Order and shall become effective when Finality is achieved. Accordingly each and every Settling Class Member hereby compromises, settles, and releases each and every Released Claim against the Releasees, as set forth in the Release.

Case: 1:14-cv-00656-SSB-SKB Doc #: 28 Filed: 12/18/15 Page: 5 of 9  PAGEID #: 265

12. Class Counsel and the Class Representatives adequately represented the best interests of the Class for purposes of negotiating, entering into, and implementing the Settlement.

13. This Action and every Released Claim (including all individual claims and Class-wide claims presented thereby) is hereby dismissed on the merits and with prejudice, without fees or costs to any Party except as provided in the Settlement Agreement and as adopted and ordered by the Court in this Order.

14. Without affecting the finality of this Order for purposes of appeal, the Court retains jurisdiction as to all matters relating to the administration, implementation, consummation, enforcement, and interpretation of this Settlement Agreement and this Order, and for any other necessary purpose.

15. There were no timely objections to the Settlement.

16. Having reviewed Class Counsel's Motion and Memorandum For Approval of Attorneys' Fees, Expense Reimbursement, and Contribution Awards [ECF No. 24] as well as any and all objections thereto, and based upon all previous filings in this action, the Court concludes and orders as follows:

   a. The Settlement Agreement creates a $500,000 common fund for the benefit of the Class, with no reversion to Defendants.

   b. Rule 23(h) of the Federal Rules of Civil Procedure expressly authorizes a court to award "reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Negotiated and agreed-upon attorneys fees as part of a class action settlement are encouraged as an "ideal" toward which parties should strive. *Bailey v. AK Steel Corp.*, No. 1:06-CV-468, 2008 WL 553764, at *1 (S.D. Ohio Feb. 28, 2008).

5

c. Where, as here, "counsel's efforts create a substantial common fund for the benefit of the class, they are, therefore, entitled to payment from the fund based on a percentage of that fund." *Connectivity Sys. Inc. v. Nat'l City Bank*, No. 2:08-CV-1119, 2011 WL 292008, at *12 (S.D. Ohio Jan. 26, 2011) (citing *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 900 (S.D. Ohio 2001)). *See also Basile v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 640 F. Supp. 697, 699-700 (S.D. Ohio 1986) (citing *Boeing*, 444 U.S. at 478; *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 90 S. Ct. 616, 24 L. Ed. 2d 593 (1970)). And, "[i]n the Southern District of Ohio, the preferred method is to award a reasonable percentage of the fund, with reference to the lodestar and the resulting multiplier." *Connectivity Sys. Inc.*, 2011 WL 292008, at *13. *See also In re Telectronics Pacing Sys., Inc.*, 186 F.R.D. 459, 483 (S.D. Ohio 1999), rev'd on other grounds, 221 F.3d 870 (6th Cir. 2000).

d. The Sixth Circuit has adopted the following factors to consider when determining what constitutes a reasonable fee in a common fund case: (1) the value of the benefit rendered to the plaintiff class (i.e. the results achieved); (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides.

e. Considering each of these factors and applying them to this action, the Court concludes and orders that a fee award equal to 25% of the common fund is reasonable in this action.

f. The reasonableness of this fee is also supported by the lodestar cross-check that equates to the application of a .72 negative multiplier to Class Counsel's $173,824.50 lodestar as of October 26, 2015.

g. Accordingly, because "[i]n this Circuit, the lodestar figure is used to confirm the reasonableness of the percentage of the fund award," *Connectivity Sys. Inc.*, 2011 WL 292008, at *13, citing *Bowling v. Pfizer*, 102 F.3d 777, 780 (6th Cir.1996), Class Counsel's lodestar confirms the reasonableness of fee award representing 25% of the common fund.

h. Under the common fund doctrine, class counsel is also entitled to reimbursement of all reasonable out-of-pocket expenses and costs in the prosecution of claims, and in obtaining settlement, including but not limited to expenses incurred in connection with document productions, consulting with and deposing experts, travel and other litigation-related expenses. *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 534-535 (E.D. Mich. 2003). Having reviewed Class Counsel's request for expenses and the various categories and charges contained therein, the Court concludes that these expenses are reasonable and were necessary for the prosecution of this action and hereby orders that Class Counsel shall be reimbursed $4,673.60 for these reasonable expenses and costs.

i. The Settlement Agreement also provides that Class Counsel will apply to the Court for contribution awards for the two Class Representatives in an amount not to exceed $5,000. This District has previously approved contribution awards in this range. *Bert v. AK Steel Corp.*, No. 1:02-CV-467, 2008 WL 4693747, at *1 (S.D. Ohio Oct. 23, 2008) (Court approves $10,000 incentive award to each class

7

representative); *Birr v. Amica Mut. Ins. Co.*, No. 1:08-cv-124, 2011 WL 1429171, at *1 (S.D. Ohio April 14, 2011) (adopting magistrate's Report and Recommendation approving incentive payment to the Class Representative of $5,000). Jesse Adams and Kimberly Adams made valuable contributions and assisted Class Counsel in prosecuting and settling this litigation. At the inception of this action, these individuals indicated their desire and willingness to undertake the responsibilities and fiduciary duties on behalf of the class. This is a voluntary obligation that goes well beyond the pursuit of their individual claims, and they diligently fulfilled their duties to the Class up to the present moment. Without their willingness to undertake these obligations on behalf of more than 60,000 class members, the recovery in this case would not have occurred. Thus, the Court awards each Class Representative a contribution award of $2,500.

j. The attorneys' fees and costs and Class Representative Contribution Awards authorized and approved by this Order shall constitute full and final satisfaction of any and all claims that Class Representatives, any Class member, and each of their respective attorneys, may have or assert for reimbursement of fees and costs or Class Representative awards; and Class Representatives, Class members and each of their respective attorneys shall not seek or demand payment of any additional fees and costs or payments to the Class Representatives. The Releasees shall have no further responsibility for, and no liability whatsoever with respect to, any payment or disbursement of attorneys' fees and costs or payments to Class Representatives, nor with respect to any allocation of attorneys' fees and costs or

payments to Class Representatives to any other person who entity who may assert any claim thereto.

17. Class Counsel and the Settlement Administrator shall comply with the provisions of section G(8) of the Settlement Agreement, which relates to un-cashed settlement payments.

18. This Order adjudicates all of the claims, rights and liabilities of the Parties to the Settlement, and is intended to be final and immediately appealable.

**IT IS SO ORDERED.**

Dated: December 18, 2015

_____
The Honorable Sandra Beckwith
United States District Judge